KELLER, P.J.,
filed a concurring opinion.
I join the Court’s opinion. To its cogent refutation of the reasoning in Hutch,[1] I would add the point raised in my dissent in that case: the error in the application part of the jury instructions was to the defendant’s benefit. The application portion of the instructions[2] in Hutch essentially told the jury (incorrectly and to Hutch’s benefit) to disregard legally obtained evidence. It did not tell the jury what to do if the evidence was illegally obtained.[3] But the abstract portion of the instructions did. It told the jury that illegally obtained evidence was inadmissible, explained to the jury that a police officer could stop someone only if criminal activity was rationally suspected, and set forth the failure to wear seatbelts as the suspected crime that would be the basis of the stop.[4] Considered as a whole, the instructions essentially told the jury that it had to disregard the evidence if it was obtained illegally or if it was obtained legally. “[T]he only way the jury could have convicted was by disregarding the erroneous [application] instruction and acting in accord with the rest of the jury charge and the jury arguments.” [5]
Similarly, the application portion of the instructions in the present case told the jury (incorrectly and to appellant’s benefit) to disregard the evidence if the jury determined that it was obtained legally. The application portion of the instructions did not tell the jury what to do if it was illegally obtained. But the abstract portion of the instructions told the jury that illegally obtained evidence was inadmissible, explained to the jury that a police officer could stop someone only if criminal activity was rationally suspected, and set *711 forth a violation of the Transportation Code as the suspected crime that would be the basis of the stop. As in Hutch, the application portion of the instructions essentially told the jury that the evidence could not be considered if it was legally obtained, and the abstract portion of the instructions told the jury that the evidence could not be considered if it was illegally obtained. The instructions never told the jury that it should consider illegally obtained evidence. The only rational view of the situation is that the jury, in convicting appellant, disregarded the erroneous application portion of the instructions.

. Hutch v. State, 922 S.W.2d 166 (Tex.Crim. App.1996).

. See Tex Code Crim. Proc. art. 38.23(a) (second paragraph).

. Hutch, 922 S.W.2d at 174-75 (Keller, J., dissenting).

. See id. at 169 (Court’s op.).

. See id. at 174-75 (Keller, J., dissenting).